# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3139 | **DATE** | May 17, 2012 |
| **CASE TITLE** | William R. Patterson (#2011-1213071) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is denied without prejudice. Also, Plaintiff's complaint is dismissed without prejudice to him filing an amended complaint. To proceed with this case, Plaintiff must, within 30 days of the date of this order, either pre-pay the $350 filing fee or submit a completed *in forma pauperis* application and submit an amended complaint that names proper Defendants. His failure to comply with this order will result in summary dismissal of this case. The clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff William R. Patterson, incarcerated at Cook County Jail, has filed this 42 U.S.C. § 1983 complaint against the Cook County Jail and the superintendent of Division 10 of the Jail. Plaintiff alleges that he is a Christian but has not been allowed to attend services, including services for Christmas, Easter, and Palm Sunday in 2011 and 2012.

    Plaintiff's *in forma pauperis* ("IFP") application is incomplete as it contains neither a filled-out certificate by an authorized officer nor a copy of his jail trust fund statement. Under the Prison Litigation Reform Act, an inmate must either pre-pay the $350 filing fee or seek leave to proceed *in forma pauperis* to pay the filing fee through deductions from his jail or prison trust fund account. If the inmate is unable to pre-pay the filing fee, the court will assess an initial partial payment, and allow deductions from his account as additional partial payments until the entire filing fee is paid. This court requires that inmates seeking to proceed *i.f.p.* file their motions on a prepared form, which requires inmates to obtain a certificate stating the amount of money they have on deposit in their jail trust fund account and "submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). These documents are necessary for the court to determine whether Plaintiff qualifies to proceed without prepayment and to assess an initial partial payment of the filing fee. If Plaintiff wants to proceed with this action, he must either pre-pay the $350 filing fee or submit a completed *in forma pauperis* application on the enclosed form, and include a certificate from an authorized officer and a copy of his trust fund account showing all activity therein for the six-month period immediately preceding his filing of the instant suit. Plaintiff is given 30 days to resolve the filing fee issue. His failure to do so will result in summary dismissal of this case. N.D. Ill. Local Rule 3.3(e).

    The court pauses to note that Plaintiff has named Cook County Jail and an unidentified superintendent as Defendants. The Cook County Jail is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Instead, Plaintiff must name an individual responsible for his claims that he was denied the ability to attend religious services. The superintendent of his jail division may be the correct Defendant, but the court must have the name of at least one Defendant so that the complaint can be served. If Plaintiff does not know the name of the superintendent, he may refer to that person as John or Jane Doe and name a supervisory official, such as Tom Dart, who should be able to provide the superintendent's name.

    Accordingly, the court dismisses the complaint without prejudice to Plaintiff submitting an amended

**STATEMENT**

complaint that names a suable party as a Defendant. Plaintiff is advised that an amended complaint replaces prior complaints and must stand complete on its own. The court will refer only to the amended complaint to determine the claims and parties of this case. If Plaintiff submits an amended complaint, he must include an original, a judge's copy, and a service copy for each named Defendant. He should also keep a copy for his own files. Plaintiff is given 30 days from the date of this order to submit an acceptable amended complaint.

      Therefore, to proceed with this case, Plaintiff must, within 30 days of the date of this order: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint. Failure to comply with this order may construed as Plaintiff's desire not to proceed with this case and will result in summary dismissal.